IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cynthia Glazebrook, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 392 |
| Bureau of Collection Recovery, LLC, a Minnesota limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Cynthia Glazebrook, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Cynthia Glazebrook ("Glazebrook"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Fingerhut Direct Marketing, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Bureau of Collection Recovery, LLC ("BCR"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  BCR operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant BCR is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A.  In fact, BCR does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers.

6.      Moreover, Defendant BCR is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7.      Ms. Glazebrook is a disabled woman with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Fingerhut Direct Marketing.  When Defendant BCR began trying to collect the Fingerhut debt from Ms. Glazebrook, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant BCR's collection actions.

8.      On November 8, 2009, one of Ms. Glazebrook's attorneys at LASPD wrote to Defendant BCR, informing BCR that Ms. Glazebrook was represented by counsel, and directing BCR to cease contacting her and to cease all further collection activities because Ms. Glazebrook was forced, by her financial circumstances, to refuse to pay

her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant BCR sent a collection letter, dated November 13, 2009, directly to Ms. Glazebrook, demanding payment of the Fingerhut debt.  A copy of this letter is attached as Exhibit D.

10.     Accordingly, on December 22, 2009, Ms. Glazebrook's LASPD attorney had to send Defendant BCR another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

11.     All of BCR's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant BCR's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Glazebrook's agent, LASPD, told Defendant BCR to cease communications and to cease collections (Exhibit C).  By continuing to

communicate regarding this debt and demanding payment, Defendant BCR violated § 1692c(c) of the FDCPA.

16. Defendant BCR's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant BCR knew that Ms. Glazebrook was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant BCR to cease directly communicating with Ms. Glazebrook. By directly sending Ms. Glazebrook a collection letter, despite being advised that she was represented by counsel, Defendant BCR violated § 1692c(a)(2) of the FDCPA.

20. Defendant BCR's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Cynthia Glazebrook, prays that this Court:

1. Find that Defendant BCR's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Glazebrook, and against Defendant BCR, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cynthia Glazebrook, demands trial by jury.

Cynthia Glazebrook,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 20, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com